### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 1:17-12-1** |
| | : | |
| **GIBBS BULLY** | : | |

## <u>ORDER</u>

**AND NOW**, this 19th day of March 2026, following our March 10, 2026 Order (ECF 244) granting the United States and Defendant to show cause as to why we should not deny certain pending Motions given Defendant's discharge from supervision, noting Defendant's Response (ECF 245) not responsive other than possibly addressing a challenge to her effective assistance of counsel and confirming Mr. Bully's completion of his term of supervised release, the United States inexplicably ignored our March 10, 2026 Order, and reminding counsel a "Notice" does not show cause responsive to our March 10, 2026 Order (ECF 244), and for good cause given no timely objections to Judge Cannon's July 22, 2019 Report and Recommendation (ECF 168) and Defendant is now discharged from custody and supervision (ECF 241), but he also sought an Order vacating his conviction (ECF 192) to which the United States has not timely responded, it is **ORDERED** we:

1.    **APPROVE** and **ADOPT** Judge Cannon's well-reasoned and comprehensive July 22, 2019 Report and Recommendation (ECF 168);

2.    **DENY** Defendant's first petition for habeas relief (ECF 147) consistent with Judge Cannon's Report and Recommendation (ECF 168);

3.    **FIND** no basis for a certificate of appealability or evidentiary hearing on Defendant's first petition for habeas relief (ECF 147);[1]

4.      **DENY** Defendant's Motion for final decision (ECF 203) on his first petition for habeas relief (ECF 147) as moot;

5.      **DENY** Defendant's Motion for early termination of supervised release (ECF 234) as moot given Judge Lewis's July 24, 2024 Order terminating his supervised release (ECF 241); and,

6.      **GRANT** the United States one last opportunity to respond to the pending Motion to vacate the conviction (ECF 192) compliant with our Policies by no later than **April 2, 2026**.

_____
**KEARNEY, J.**

---

[1] We decline to issue a certificate of appealability. Congress in 28 U.S.C. § 2253 provides "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). We may issue a certificate of appealability only if "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). A petitioner meets this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Reasonable jurists could not disagree with our resolution of Mr. Bully's claims in his first habeas petition fully addressed by Judge Cannon.

We decline to hold an evidentiary hearing. Congress in 28 U.S.C. § 2255(b) requires us to hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief[.]" *United States v. Scripps*, 961 F.3d 626, 631–32 (3d Cir. 2020) (quoting *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005) (quoting 28 U.S.C. § 2255) (emphasis in original)).

2